## CIRCUIT COURT OF CRAIG COUNTY

Glenn M. Paxton

v.

Lila E. Paxton

September 21, 1977

BY JUDGE ROSCOE B. STEPHENSON, JR.

While the evidence fails to prove that Lila E. Paxton was lawfully married to Robert W. Paxton, it does prove that Mrs. Paxton believed in good faith that she was his wife. The evidence further establishes that Mrs. Paxton performed various services for Mr. Paxton during his lifetime while they lived together as if they were husband and wife and that during that time she received support and maintenance from her supposed husband.

In this case, no express agreement between Robert and Lila has been proved by the evidence. Therefore, if Lila is to recover it must be by an implied contract.

Where one renders services for another which are known to and accepted by another the law creates an implied promise to pay a reasonable compensation for such services. However, where a close family relationship exists between the parties (e.g., husband and wife, parent and child, etc.) the law presumes that the services were performed gratuitously. This presumption may be rebutted, however, by evidence of an express promise by the party served or by such facts and circumstances that would convince the trier of fact to find that the parties intended that compensation would be paid. 4 M.J., *Contracts*, § 102, pp. 471–475.

Ordinarily, in order for a woman to recover for services rendered to a man with whom she has been living in meretricious relations, she must prove the existence of an express contract for such services. Under such circumstances, there is no implied obligation on the part of the man to compensate the woman for services ordinarily ren-

dered by a wife in performing the usual household duties. While the authorities are not in accord, the prevailing view holds that a woman who lives with a man under the mistaken but good faith belief that they are lawfully married can recover under an implied contract the reasonable value of her services to him over and above the value of the support and maintenance furnished her by her supposed husband. 66 Am. Jur. 2d, *Restitution and Implied Contracts*, § 54, pp. 1000–1001; 52 Am. Jur. 2d, *Marriage*, Sec. 112, pp. 964–965.

As far as I am aware, no case dealing with this precise point has been decided by the Supreme Court of Virginia.

In the case of *Sanders* v. *Ragan*, 172 N.C. 612, 90 S.E. 777 (1916), a woman who lived with a man thinking she was his wife until his death was allowed to recover the reasonable value of services rendered in excess of the benefits received. In that case the Supreme Court of North Carolina recognized that there was a split of authority on the subject but was of opinion that the decisions supporting its holding "have the better reason." 90 S.E. 777.

The Restatement of the Law of Restitution supports this view. *See* Restatement, Restitution, §§ 40 and 134.

I adopt the prevailing view because I believe it to be not only better reasoned but more equitable.

I hold therefore that Lila E. Paxton is entitled to recover the reasonable value of her services over and above the value of the support and maintenance and other benefits furnished her by Robert W. Paxton during the last three years of his life.

The evidence with respect to the amount of recovery to which she is entitled is insufficient, and, therefore, this cause shall be continued for further evidence on that subject.